# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. CR09-1002 |
| vs. | ORDER FOR PRETRIAL DETENTION |
| ROBERT BASS, | |
| Defendant. | |

On the 20th day of January, 2009, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Daniel C. Tvedt. The Defendant appeared personally and was represented by his attorney, Sara Linn Smith.

## RELEVANT FACTS

On January 7, 2009, Defendant Robert Bass was charged by Indictment (docket number 2) with one count of distribution of crack cocaine and three counts of distribution of crack cocaine within 1,000 feet of a protected property. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on March 9, 2009.

Agent Michael Roehrkasse of the Iowa Division of Narcotics Enforcement testified regarding the circumstances underlying the four-count indictment. On November 21, 2007, a confidential informant ("CI") made a recorded phone call to Defendant and arranged for the purchase of crack cocaine. Agent Roehrkasse (working undercover) and the CI met with Defendant in a Hardee's parking lot. Defendant got in the car Agent Roehrkasse was driving and handed Agent Roehrkasse a baggie of crack cocaine. Defendant also handed the CI a baggie of crack cocaine and a baggie of marijuana. Portions of the transaction were videotaped and the CI was wearing a wire.

1

On November 29, 2007, another transaction was arranged by a recorded phone call made from the CI to Defendant. Agent Roehrkasse and the CI met with Defendant in the parking lot at Dollar General. Defendant got into the car being driven by Agent Roehrkasse. Defendant gave the CI crack cocaine and gave Agent Roehrkasse crack cocaine in exchange for $200.

On December 17, 2007, Agent Roehrkasse called Defendant and arranged for another purchase of crack cocaine. Agent Roehrkasse and another law enforcement officer working undercover met with Defendant at the Dollar General store on December 20, 2007. Defendant got into the car being driven by Agent Roehrkasse and, at Defendant's instruction, they drove to Bluff Street in Dubuque. Defendant gave Agent Roehrkasse crack cocaine in exchange for $200 and gave the other undercover officer crack cocaine in exchange for another $200. The transactions were recorded.

On December 27, 2007, Agent Roehrkasse called the Defendant and made arrangements to meet on the following day. Defendant agreed to sell $150 of crack cocaine and an additional $150 of powder cocaine. On December 28, Agent Roehrkasse and the other undercover officer again met with Defendant at Dollar General. Defendant got in the vehicle and they drove to Bluff Street. The other undercover officer weighed the controlled substances provided by Defendant. Agent Roehrkasse and the other undercover officer each gave Defendant $150 and received crack cocaine and powder cocaine.

According to the pretrial services report, Defendant is 31 years old and has lived most of his life in Chicago. A few years ago, Defendant moved to Minneapolis, Minnesota, where he lived for a couple of years. Defendant apparently moved to Dubuque, Iowa, in 2006 or 2007.

Defendant has never been married, but he has two children from two separate relationships. His son, age 9, lives with the child's mother in Carbondale, Illinois. His daughter, age 3, lives with her mother in Chicago, Illinois. Defendant has not seen his son for three years and has not seen his daughter for one year. Prior to his arrest, Defendant

2

was living with his girlfriend in Dubuque, while on furlough status from the Dubuque Residential Facility. For approximately the last five months, Defendant has been employed as a dish washer at a restaurant in Dubuque and was described by his supervisor as a good and dependable employee.

Defendant told the pretrial services officer that he has a drug and alcohol problem. Defendant admitted to daily use of marijuana for much of his adult life, although he told the pretrial services officer that he last smoked marijuana on August 20, 2008, shortly before he entered the Dubuque Residential Facility. Defendant also admitted that he previously used cocaine on weekends. Defendant is currently in drug treatment as part of his state probation.

Defendant has an extensive prior criminal record. In 1995, Defendant was sent to prison in Illinois following a conviction for armed robbery. In 1997, Defendant was sent to prison again for manufacture/delivery of cocaine. In 2000, Defendant was sent to prison a third time for possession of a controlled substance. In 2004, Defendant was sent to prison a fourth time for possession of a controlled substance.

In June 2006, Defendant received probation in Minnesota for possession or selling a stolen/counterfeit check. When Defendant failed to appear at a revocation hearing in January 2007, however, a warrant was issued for his arrest. In December 2006, Defendant was charged with possession of a small amount of marijuana. Defendant failed to appear in January 2007 and a warrant was issued for his arrest. Both arrest warrants remain active in Minnesota.

In May 2007, Defendant was charged in Dubuque with two counts of possession of a controlled substance. In July 2007, he was charged with operating while under the influence. In October 2007, Defendant was charged again with possession of a controlled substance. On December 12, 2007, Defendant was sentenced in all of those cases and placed on probation for two years. His probation was continued on additional conditions in July 2008, following convictions for assault causing bodily injury and another possession of a controlled substance. As a condition of his continued probation, Defendant

was ordered to reside in a residential facility. Defendant entered the Dubuque Residential Facility on August 28, 2008.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with distribution of crack cocaine and distribution of crack cocaine within 1,000 feet of a protected property, one of the offenses found in § 3142(f)(1). The Government also alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety

of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with distribution of crack cocaine and distribution of crack cocaine within 1,000 feet of a protected property. The evidence against Defendant would appear to be strong. The first two controlled buys involved a confidential informant and an undercover officer, while the last two controlled buys involved two undercover officers. Contacts with the Defendant were recorded and apparently a portion of the first transaction was videotaped. Defendant has only limited ties to Iowa. Defendant lived most of his life in Illinois and he apparently has no family

5

members living in Iowa. Defendant has a long history of drug and alcohol abuse, although prior to his arrest he was participating in substance abuse counseling. Defendant has a long criminal record, including four separate prison terms. There are currently warrants for his arrest outstanding in Minnesota. The incidents which give rise to the instant charges allegedly occurred while Defendant had numerous other charges pending. In fact, Counts 3 and 4 allegedly occurred after Defendant received probation on December 12, 2007 for three separate counts of possession of a controlled substance. If Defendant is convicted of one or more of the offenses described in the Indictment, then he faces a substantial penalty.

If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offenses identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds

by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (January 15, 2009) to the filing of this Ruling (January 21, 2009) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 21st day of January, 2009.

_____
JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA